Adamson v. Rose.

The judgment is affirmed, with costs.

*J. Green*, for appellant.

*N. R. Overman* and *G. W. Lowley*, for appellee.

## ADAMSON v. ROSE.

VENDOR AND PURCHASER.—*Title Bond.*—Suit on a title bond for the conveyance of certain land, "with the house, steam saw-mill, and all the privileges, appurtenances, and machinery of every kind to the same belonging." Complaint averred that the purchase money had been paid in money, land, and property, which the defendant had agreed to receive and had received in payment; that plaintiff purchased with the express view of getting the steam saw-mill, believing the same to be situated on the land, which defendant knew; but that the mill was in fact situated on land to which defendant had no title; that certain appurtenances to the mill, without which it would be of little or no value, as well as part of the mill itself, were situated on a strip of land to which the defendant had no title and no right of control; that defendant had failed to make a deed for the mill and appurtenances, and could not do so.   Prayer that the bond be canceled, but for judgment for the amount of the penalty.

*Held*, that the complaint was sufficient to entitle the plaintiff to damages, but not to authorize a rescission.

*Held*, also, that the prayer for rescission did not make the complaint bad.

*Held*, also, that the measure of damages in such case is the purchase money and interest.

*Held*, also, that the acceptance of property in accord and satisfaction bound the defendant to the fulfillment of his contract the same as if payment had been made in money.

PRACTICE.—*Special Finding.*—That the special finding of facts is inconsistent with the general verdict, is not a cause for a new trial; but the proper motion is for judgment on the special finding, notwithstanding the general verdict.

SAME.—*Arrest of Judgment.*—A motion in arrest of judgment reaches any defect in the pleadings not cured by the verdict or the statute of amendments, or waived by failing to demur.

APPEAL from the Clay Circuit Court.

GREGORY, J.—Suit by Rose against Gilbert and Adamson on a title bond in the penal sum of three thousand dollars, conditioned as follows: "the said Gilbert has sold the said Rose the following tract of land" (giving description thereof), "with the house and steam saw-mill and all the privileges, appurtenances, and machinery of every kind to the same belonging, for the sum of fourteen hundred and fifty dollars; now, if the said Gilbert shall, on or before the 5th day of January, 1862, execute to said James M. Rose a good and sufficient deed in fee simple, clear of incumbrances, for the said property above described, this bond shall be void, else to remain in full force."

The bond was executed by Gilbert as principal and Adamson as surety. Adamson demurred to the second paragraph of the complaint, which was overruled, and this is assigned for error.

It is averred in this paragraph, that the purchase money had long since been paid to the defendants, and each of them, by the payment of money and the conveyance of land and property to them and each of them, which they and each of them agreed to and did receive in payment and discharge of said fourteen hundred and fifty dollars; that at the time the plaintiff contracted for and purchased the land, he did it with the express view to and for the purpose of getting the steam saw-mill, supposing and believing the mill to be situated upon the land, all of which the defendants and each of them well knew: whereas the saw-mill was and is, in fact, situated upon land to which the defendants had no title; the mill being situated east of Eel river, on the east bank thereof, about one hundred feet from the water's edge; and between the mill and the river there is a narrow strip of land belonging to —— ——, in which neither of the defendants had any title whatever, and over which neither

of them had any right of control; and from the west end of the mill there was and is as an appurtenance of the mill, a certain log shoot running to the river and over and across the narrow strip of land, between eighty and one hundred feet long, for the purpose of drawing logs from the river to the mill, which the defendants nor either of them had any right to erect and maintain, and without the use of which the mill would be very greatly reduced in value, and, in fact, of very little or no value; that the well and ditches which supply the mill with water for operating the same are upon the strip of land; that the defendants nor either of them had any right to the use of the water privileges; and that about fifteen feet of the west end of the mill is on the strip of land; wherefore the defendants and each of them had not only failed to make a deed for the mill and appurtenances, but are not in a condition to do so. This paragraph contains a prayer that the bond be canceled, but asks for a judgment for three thousand dollars damages, in consequence of the failure of the defendants to comply with its obligation.

It is claimed that the price and value of the land and property taken in payment and satisfaction of the purchase money ought to have been averred. We regard this paragraph sufficient to entitle the plaintiff to damages for a breach of the contract, but it does not contain averments enough to authorize a rescission. Viewed in this light, the allegation as to the payment of the purchase money is unobjectionable. The contract required the payment of fourteen hundred and fifty dollars in money. The payment in anything else was by the subsequent agreement of the parties. The acceptance of property in accord and satisfaction bound the defendants to the fulfilment of their contract to the same extent as if payment had been made in money. The measure of damages in such a case is the purchase money and interest. The prayer for rescission does not make the paragraph bad. .

The next alleged error complained of, is the action of the

court below in sustaining a demurrer to the seventh paragraph of the defendants' answer. That paragraph is an answer to the second paragraph of the complaint, and avers, that it was a part consideration of the bond, that the plaintiff was to make for Adamson, on his farm, six thousand rails and one thousand ground chunks, and deliver two thousand feet of lumber in the spring of 1861; which he had failed and refused to perform; and that he also received from Adamson, in part payment of the consideration for said bond, two lots in Bowling Green and two lots in Poland, which plaintiff received and still holds, and has never offered to rescind the contract or place the parties in the condition they were before the bond was executed.

The contract was for the payment in money of fourteen hundred and fifty dollars. The second paragraph of the complaint avers payment in money, land, and property. The seventh paragraph of the answer, if it amounts to anything, is an argumentative denial of payment, and as the general denial was in, no harm was done in sustaining the demurrer. But it is difficult to see the application of this paragraph to the case made by the complaint. The contract sued on did not embrace the rails, chunks, and lumber, nor the conveyance of the lots. How they became connected with, or formed any part of, the contract is not shown.

The court committed no error in sustaining the demurrer.

There was a jury trial, general verdict for the plaintiff, and answers to interrogatories. The defendants moved for a new trial which was overruled. Motion in arrest overruled, and judgment.

The code provides that "when the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly." 2 G. & H. 206 sec. 337. The proper motion in such case is for judgment on the special finding, notwithstanding the general verdict. It is not one of the causes for a new trial. The motion in arrest reaches any defect in the pleadings not cured by the verdict or the statute of

amendments, or waived by failing to demur.    There is nothing, however, in the special finding inconsistent with the general verdict.

It is claimed that the special findings show that the plaintiff did not comply with his contract; but it was no part of the contract in suit, that the plaintiff was to make six thousand rails and one thousand chunks for the defendants; and a finding under the pleadings, that it was, and that the plaintiff had furnished but twenty-seven hundred rails, is not inconsistent with the general finding.

It is claimed, that the court erred in giving and refusing instructions.    The motion for a new trial does not present any question as to instructions.    The rule on this subject was carefully considered and passed upon in *Dawson* v. *Coffman*, 28 Ind. 220.    That case goes as far as it is safe, in the fair and intelligent administration of justice.

The only remaining point made in the motion for a new trial is the alleged ground that the damages are excessive. We have looked through the evidence and think that the jury were warranted in their finding.

The judgment is affirmed, with costs, and five per cent. damages.

*J. M. Hanna*, for appellant.

*S. Claypool*, for appellee.