[No. 4235.]

DRAKE ET AL. v. THE JUSTICE GOLD MINING COMPANY.

1. **Practice in Civil Actions—Verdicts—Inconsistent Special Finding—Presumptions.**
   Where a special finding of fact, inconsistent with the gen-

eral verdict, is so irreconcilable therewith as to be incapable of removal by any evidence admissible under the general issue, the general verdict cannot stand, and judgment entered upon it is improper.    But every presumption and intendment is to be indulged in favor of a general verdict, and, in ascertaining whether such inconsistency exists, recourse may be had to the issues as made by the pleadings, and if by any possible competent evidence that might be produced thereunder the apparent inconsistency can be overcome, it may be disregarded, and the general verdict permitted to stand.

2.  Appellate Practice—Verdicts—Inconsistent Special Findings —Waiver.

If a party desires to have heard in an appellate tribunal objection to the entering of a judgment on a general verdict on the ground that it is inconsistent with special findings, he must first call the attention of the lower court thereto by a motion for judgment upon the special findings notwithstanding the general verdict, otherwise he waives the objection.  A motion for a new trial does not save the point.

3.  Verdicts—Special Findings.

Where the special findings of a jury are inconsistent and contradictory with each other, some of which are inconsistent with the general verdict and others support the verdict, the findings destroy each other and the general verdict will stand.

*Error to the District Court of Gilpin County.*

Messrs. PATTERSON, RICHARDSON & HAWKINS, for plaintiff in error.

Mr. J. A. EWING, for defendant in error.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The controversy here is between the owners of the Washington and Justice lode claims, situate in Gilpin county, as to the ownership of ore bodies of a vein under the surface, and within the exterior boundaries of the Washington lode extended downward vertically.  The claim of each party is based upon ownership of the apex.

The cause was tried before a jury, and the court,

upon request, submitted, and the jury answered, three interrogatories, and also returned what the parties call a general verdict, in favor of the defendant, on which judgment for it was entered by the court. The plaintiffs in error claim that the answers to these three interrogatories were in their favor, and are so inconsistent with the general verdict that, under section 199 of our civil code so providing, the special findings of fact, in such circumstances, must control the general verdict.

Where a special finding of fact, inconsistent with the general verdict, is so irreconcilable therewith as to be incapable of removal by any evidence admissible under the general issues, the general verdict cannot stand, and judgment entered upon it is improper. Every presumption and intendment, however, is to be indulged in favor of a general verdict, and in ascertaining whether such inconsistency exists, recourse may not be had to the evidence actually adduced at the trial, but may be to the issues as made by the pleadings; and if, by any possible competent evidence that might be produced thereunder, the apparent inconsistency can be overcome, it may be disregarded, and the general verdict permitted to stand. But in the view we take of the case, it is not necessary, for two reasons, to decide whether there is such an inconsistency as the plaintiffs in error assert.

1. We do not so hold, but for the purpose of the present opinion we assume, with both parties, that the verdict returned is a general verdict, and, with plaintiffs in error, that it is in such irreconcilable conflict with the three special findings of fact to which they allude, as to have made it the duty of the trial court to disregard the general verdict, and enter judgment upon the special findings, had action of the court been seasonably and properly invoked. Such

an inconsistency may be waived by the party against whom it operates, or he may, in the appropriate way, complain of it. If, however, a party desires to have heard in an appellate tribunal his objection to the entering of a judgment on a general verdict which is inconsistent with special findings, he must first call the attention of the lower court thereto by a motion for judgment upon the special findings, notwithstanding the general verdict. A motion for a new trial does not save the point. Here plaintiffs in error neglected to move for judgment on the findings, and therefore they may not, on this review, for the first time be heard as to the alleged inconsistency.—2 Thompson on Trials, § 2696.

Many cases in Indiana, where such questions seem to have arisen more frequently than in any other state, expressly hold that such a motion is a necessary condition precedent to the right to be heard in an appellate tribunal.—*Bartlett v. Pittsburgh, etc., Ry. Co.,* 94 Ind. 281; *Anderson et al. v. Hubble,* 93 Ind. 570; *Brickley v. Weghorn et al.,* 71 Ind. 497; *Adamson v. Rose,* 30 Ind. 380. Additional authorities are collected in 20 Enc. Pl. & Pr. 375.

2. The foregoing is upon the assumption that only three interrogatories were answered by the jury, and all of them were in favor of plaintiffs and inconsistent with the general verdict returned for defendant. The record, however, discloses that three other interrogatories submitted by the court were answered by the jury clearly and distinctly in favor of the defendant, and they support, in every particular, the general verdict. These six answers, taken together, do not show that the jury so misunderstood the issues or were in any way so confused as to make a new trial necessary. Such being the case, the doctrine seems to be well settled that contradictory and inconsistent special findings destroy each other, and the

general verdict stands.—*Ind., etc., Gas Co. v. McMath,* 26 Ind. App. 154; *Midland Steel Co. v. Daugherty,* 26 Ind. App. 272; 2 Thompson on Trials, § 2692. For additional authorities, see 20 Enc. Pl. & Pr. 354, 364 *et seq.*

*Tourtelotte v. Brown,* 1 Colo. App. 408, is not in point here. That was not a case where the general verdict was set aside because inconsistent with a special finding, though, in the opinion, section 199 is referred to; but probably that part of it requiring the jury to find upon any question stated to them in writing was in the mind of the court. The point decided was, that it was error to enter judgment upon a general verdict in favor of defendant when the jury failed to find (saying that they could not agree as to it) upon a certain question, which, in the opinion of the court, had to be answered before the jury could agree upon any verdict in the case. Clearly that is not the question for decision here.

The judgment must be affirmed, and it is so ordered.                              *Affirmed.*