## No. 8713.

### BARROWS v. CASE.

1. INSTRUCTIONS—*Assuming facts in issue.* Action for deceit in inducing plaintiff to exchange properties with defendant, by false representations of the value of that received by plaintiff. The complaint alleged that plaintiff was without business experience, and relied upon the opinion of defendants, etc., as they well knew. This allegation was in issue. An instruction told the jury that "if defendant took advantage of plaintiff's inexperience in business matters," etc., *held* vicious, as withdrawing from the jury the question of plaintiff's experience, and assuming the truth of the plaintiff's averment as to the matter.

2. *Contradictory.* Instructions which contradict each other, tend inevitably to confuse the jury and constitute prejudicial error.

3. BODY JUDGMENT—*Statute Construed.* To warrant execution against the body of the tort feasor, under Rev. Stat., sec. 3024, guilty knowledge on his part must be shown. An instruction that when the acts of a party are voluntary "and necessarily operate to defraud others, he must be deemed to have intended a fraud," was held to warrant a verdict awarding execution against the body, on mere presumption of fraud, which is not permissible.

*Error to Denver District Court, Hon. George W. Allen, Judge.*

Messrs. DAVIS & WHITNEY, for plaintiff in error.

No appearance for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

LOIS Case, defendant in error, brought suit against Juanita M. Barrows, Stanley M. Barrows, Earl G. Medsker, and Charles L. Maloney, to recover damages and for body execution, for false representations in connection with a transaction in which she exchanged certain real property for the furniture and lease of a hotel in Denver. Prior to the commencement of the negotiations the hotel was the property of Ernest A. Barrows, a brother of Stanley M. Barrows, and the husband of Juanita M. Barrows. Ernest

A. Barrows died before the negotiations began, and Juanita M. Barrows died before the trial. Earl G. Medsker and Charles L. Maloney were real estate brokers through whom the exchange of property was made.

In substance the complaint alleges that plaintiff was without business experience, and was dependent upon the business judgment of the defendants, which fact was well known to them; that the defendants represented the hotel to be well and completely furnished, with forty-two rooms permanently rented; that the income was $1,200.00 a month in winter, and $1,800.00 in summer, the profits averaging from $450.00 to $1,200.00 per month, and that the only reason for selling was the death of the husband of Juanita M. Barrows. That the hotel had a permanent paying and established business. Plaintiff further alleged that she believed these statements and acted upon them, and had no way of ascertaining for herself whether they were true. She exchanged her property for the hotel, and shortly after taking possession discovered that the representations of the defendants were false, in that there were but few permanent guests, and the income was far less than had been claimed. That these facts were well known to defendants, and that through her reliance upon these false statements she made the exchange; that because of it she had parted with her property for the hotel, which latter was subsequent lost through foreclosure of a chattel mortgage. She prayed for damages in the sum of $15,000.00, and for a body execution. Defendants denied all material allegations. The verdict was for plaintiff against Maloney and Stanley M. Barrows, with damages in the sum of $3,000.00. By special finding the jury declared these two defendants guilty of fraud and wilful deceit. Judgment was entered providing for their confinement, upon failure to satisfy the judgment, for a period of nine months in the county jail. Barrows brings the case here for review.

Numerous errors are assigned, but it is necessary to consider only those relating to certain of the instructions. Instruction two is in part as follows:

"If you believe, from a preponderance of the evidence, that defendants, with full knowledge, took advantage of plaintiff's inexperience in business matters, induced her to put confidence in them, and for the purpose of effecting a sale of the Toovey Hotel property to plaintiff, made material false representations, as set forth in the complaint, knowing such representations to be false, and as a result induced plaintiff to purchase said hotel property, * * *"

This instruction withdraws from the jury the question whether the plaintiff was in fact inexperienced in business, and instructs them in effect that she was without such experience. That was a material fact upon which the jury should have been permitted to draw their own conclusions from the testimony.

Instruction five is in part as follows:

"* * * every party must be deemed to have intended the natural and inevitable consequence of his or her acts, and where his acts are voluntary and necessarily operate to defraud others, he must be deemed to have intended a fraud."

Instruction nine is in the following words:

"* * * you cannot find that the defendants falsely or fraudulently made representations to plaintiff from conjecture or mere inference. Fraud must be clearly proved and the burden of proof is on the plaintiff to establish the fact. Fraud is never presumed, but must be affirmatively proved by the plaintiff in this case. The law presumes that all men are fair and honest—that all their dealings are in good faith and without intention to cheat or defraud others; if the representations of defendant, if made, is capable of two constructions—one of which is fair and honest and one which is dishonest—then the law is that the fair and honest construction must prevail, and the acts of the defendants must be presumed to be fair and honest."

Plainly instruction five is contradicted by nine. By instruction fifteen, wherein the jury is told that plaintiff must prove the fraud alleged by evidence sufficient to overcome

the presumption of defendants' honesty and fair dealing, instruction five is again contradicted. Instruction five is especially prejudicial because the verdict which allowed a body execution might well have been wholly predicated upon it. In *Geraghty v. Randall*, 18 Colo. App. 195, 70 Pac. 767, an action based upon alleged false representations, the jury returned a general verdict for the plaintiff, and as here, in answer to a special interrogatory found the defendant guilty of fraud and wilful deceit. Defendant moved for a new trial, on the ground, among others, that the evidence was insufficient to sustain the verdict. This motion was denied as to the general verdict, but allowed as to the findings on the special interrogatory. The appellate court in affirming the judgment said:

"In our opinion, Section 2164 of Mills' Statutes, contemplates an aggravated case—one in which the wrong is premeditated and intentional. A person may obtain the money or property of another by means of statements which are untrue, but of the truth or falsity of which he is without knowledge. In such case he might be held responsible as for a legal fraud, although there was no active intention to commit a wrong. *Converse v. Bloomrich*, 14 Mich. 108, [90 Am. Dec. 230]. But while such representations have been held to be false and fraudulent in law, they lack the peculiar features of guilt implied in the words 'malice, fraud or wilful deceit,' as used in Section 2164. We think that from the connection of the word 'fraud' with the words 'malice' and 'wilful deceit' it was intended to be understood in its odious sense. By denying the motion to set aside the general verdict the court held that there was evidence of fraud and we cannot suppose that it intended to contradict itself, so that in setting aside the special verdict on the ground that it was not supported by the evidence the court must have regarded the findings as having reference to actual and intentional fraud. The court was evidently of the opinion that the evidence did not warrant the extreme conclusion reached by the jury in their special finding, regarding it, however, as sufficient to sustain the general ver-

dict.   Counsel are therefore mistaken as to the import of the court's ruling.   This was not that there was not sufficient evidence of fraud, but that there was not sufficient evidence upon which a verdict whose effect would be to deprive the defendant of his liberty, could be rendered."

, By instruction five the jury were advised in effect that guilty knowledge upon the part of the defendants was not essential to the rendition of a verdict carrying a body execution.   Under the rule in the foregoing case, guilty knowledge is undoubtedly necessary to warrant such a verdict. Moreover, under this instruction, it was competent for the jury to have returned a verdict which would warrant a body execution, upon presumptive fraud merely, which is fundamentally wrong.

Furthermore this instruction is inapplicable and misleading in a case like this. Besides, it shifts the burden of proof, and in effect required the defendants to affirmatively establish innocence of fraudulent intent.   The contradictory, inconsistent and erroneous instructions given could not have failed to confuse the jury, and plainly constitute prejudicial error.

Judgment reversed, and cause remanded for a new trial.

Chief Justice White and Mr. Justice Teller concur.