## No. 10,849.

### BARTLETT, ET AL. v. HAMMOND.

Decided October 6, 1924.   Rehearing Denied November 10, 1924.

Action for damages resulting from an automobile collision.   Judgment for plaintiff.

*Reversed.*

1. TRIAL—*Verdict.*   When an action is against several joint tortfeasors, if the verdict is against all of them, it should be a single verdict against all for a single sum.

2. JUDGMENT—*Fact Findings.*   A judgment rendered without findings of fact by the court or a jury verdict, is fatally erroneous.

3. *Facts.*   The judgment must follow and conform to the verdict, decision or findings in all substantial particulars.

4. VERDICT—*Correction by Court.*   A court may not correct a verdict in a matter of substance.

5. MUNICIPAL CORPORATIONS—*Streets—Traffic.*   Where a street has a double driveway separated by a center parkway, so far as concerns the "center of intersection" as used in traffic regulations, each driveway constitutes a separate highway or street.

6. AUTOMOBILES—*Collision—Negligence.*   In an action for damages growing out of an automobile collision, it appearing that all parties were violating the provisions of municipal and state traffic regulations at the time of the accident, they were all guilty of negligence as a matter of law.

7. NEGLIGENCE—*Automobile Collision—Both Parties at Fault.*   In an action involving damages growing out of an automobile collision, it appearing that both parties were guilty of negligence as a matter of law, there could be no recovery by either.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. CHARLES R. BOSWORTH, for plaintiffs in error.

Mr. TOM L. POLLOCK, Mr. ROBERT EMMET LEE, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action by Elizabeth Hammond, plaintiff below, defendant in error here, against the plaintiffs in error, defendants below, Dr. Bartlett and Mrs. Joseph, for damages for alleged negligence of the defendants arising out of an automobile collision in the city of Denver at the intersection of East Colfax avenue and the west roadway of Monaco boulevard. Plaintiff asks for actual damages for injury to her person, her automobile, for exemplary damages, and a body judgment. Each of the defendants filed a separate answer in which the material allegations of the complaint are denied and contributory negligence of the plaintiff is alleged. In a counterclaim, each defendant asks for like damages for plaintiff's negligence. To each of these answers and counterclaims plaintiff filed a separate replication denying the charges of negligence against her, but there is no plea in either replication of contributory negligence of either defendant. As the result of the trial the jury returned separate verdicts against each defendant reading: "We, the jury, find the issues herein joined for the plaintiff and against the defendant Dr. Bartlett and assess her damages at the sum of seventeen hundred dollars and no/100 cents ($1,700.00)".

"We, the jury, find the issues herein joined for the plaintiff and against the defendant Mrs. Joseph and assess her damages at the sum of seventeen hundred dollars and no/100 cents ($1,700.00)".

When the verdicts were returned by the jury the court ordered them recorded and they were recorded, and the defendants, and each of them, by counsel then objected to the verdicts, both as to substance and form, which objections were repeated and included in their separate motions for a new trial, after the court, without questioning the jury and after they were discharged, assuming from the several verdicts themselves that the jury had found,

and intended to find, damages of $1,700 only against both defendants, thereupon entered one joint and several judgment against both in the amount of $1,700 and costs, reading: "It is considered by the court that the said plaintiff do have and recover of and from the said defendants, Dr. S. R. Bartlett and Mrs. J. B. Joseph and each of them, the sum of Seventeen Hundred Dollars $1,700 her damages so by the jury aforesaid assessed, together with her costs in this behalf laid out and expended."

The defendants have jointly sued out this writ of error. Each separate motion for a new trial has thirty-four grounds and each separate assignment of errors contains sixty specifications and numerous subdivisions. In view of our conclusion that both the plaintiff and the defendants, and each of them, were guilty of negligence which directly contributed to the collision, that they were mutually at fault, and for that reason plaintiff's action, as well as defendants' counterclaims, must be dismissed, many of the questions, some important and difficult, argued ably by counsel on both sides in their briefs, require no consideration.

1. Notwithstanding this conclusion, which of itself sends all the parties out of court, a ruling of the trial court which involves an important question of practice should be considered before discussion is had of the vital and controlling question of their mutual negligence. When an action is against several joint tort-feasors, if the finding is against all of them, the verdict should be a single verdict against all for a single sum and not a several verdict against each defendant either in the same or separate sums. There can be no apportionment of damages as between defendants jointly liable in such a case. When the two separate verdicts were returned into court, objection thereto both as to substance and form was unsuccessfully interposed by each defendant and renewed in a motion for a new trial. When the verdicts were returned they were ordered by the court to be recorded and were recorded and the jury were dismissed and separated. The court did

not at any time correct the several verdicts, either in substance or form, but, without learning from the jury their intention in returning several verdicts instead of a single one, or in what sum they intended to find the total damages to be, assumed for itself that the intention of the jury was, and that the two several verdicts meant, a finding of $1,700 only against the two defendants, and not $1,700 against each defendant as the verdicts on their face show; and upon such assumption the court, without reforming or changing the several verdicts, rendered a single judgment for $1,700 against both defendants jointly and severally. That the proper practice was not observed, amounting to an irregularity, is beyond question. There may be, and probably are, authorities which hold that, if error, it is prejudicial to the plaintiff here, and not to the defendants who may not complain, since a joint judgment against the two for $1,700 caused no injury to either as there was a several verdict against each in the same sum. Other authorities are that either the plaintiff or the defendant may object in such a case, and if the court overrules the objection, a writ of error will lie. The real objection here, however, is that if the court had power to change a verdict, either in substance or form, it did not do so. The two separate verdicts still stand as they were returned by the jury and are so recorded. The unquestioned rule is that a judgment rendered without findings of fact by a court or a verdict of the jury is fatally erroneous. And, as said by the author in 33 C. J. § 106, p. 1169: "There is no principle of law more firmly established than that the judgment must follow and conform to the verdict, decision, or findings in all substantial particulars." And, "Where the verdict is joint, the judgment must be joint, unless plaintiff remits the damages as to one of the defendants, or dismisses the action as to him, or the court grants him a new trial. Where the verdict is several, the judgment must be several. The proper remedy in case a judgment does not conform to the verdict is by a motion to modify the judgment, or by appeal

or writ of error." The defendants tried, without avail, to have the proper correction made by the trial court. A writ of error was then their only remedy. This joint judgment does not conform to the separate verdict or verdicts. It is a joint judgment rendered on two separate verdicts, and the fact that in each verdict the finding of damages is the same does not change the principle involved. The court might, before the jury was discharged, have instructed them to disregard the separate verdicts and return a joint verdict in such sum as they might find the plaintiff was entitled to as against both defendants; but it was improper for the court, without correcting these verdicts, if it had the power to do so, to render a joint judgment and insert therein the amount included in one verdict. It is not necessary here to determine whether the defendants could be heard with their objection, as matter of right, had the court in a proper way corrected the verdicts, since each verdict is in the same sum and the joint judgment is for only one of them. The court, however, may not correct a verdict in matter of substance; otherwise, the court could arbitrarily set aside a verdict of a jury in its entirety and make a contrary finding in a law action for itself and render judgment upon it. Some of the authorities in point are:  23 Cyc. p. 820, et seq.; *City of Birmingham v. Hawkins,* 196 Ala. 127, 72 So. 25; *Layman v. Hendrix,* 1 Ala. 212; *Marriott v. Williams,* 152 Cal. 705, 93 Pac. 875, 125 Am. St. Rep. 87; *Chrudinsky v. Evans,* 85 Or. 548, 167 Pac. 562; 38 Cyc. p. 1905, (7); *Forslund v. Swenson,* (Neb.) 192 N. W. 649; *Price v. Clapp,* 119 Tenn. 425, 435, 105 S. W. 864, 123 Am. St. Rep. 730; *Lake Erie & W. R. Co. v. Halleck,* 78 Ind. App. 495, 136 N. E. 39.

In the last case there was but a single verdict but the finding was against both of the two defendants and the damages against one of them was for one sum and against the other for a different sum. The combined sums equalled only the amount of the damages assessed by the jury, and so stated to be in the verdict, against both the defendants,

and the court disregarded the attempted apportionment as surplusage and rendered judgment on the verdict for the single sum. The reasoning of the court would make improper the action of the trial court in the instant case.

2. The collision, as stated, was at the intersection of East Colfax avenue and Monaco boulevard at a point south of the center line of Colfax avenue and east of the center line of 'the west roadway of Monaco boulevard, near the southeast corner of the streets. Monaco boulevard consists of a wide parking in the center, which is set out to grass and shrubs, with a roadway on each side thereof for purpose of travel, designated respectively as east roadway and west roadway. The parking or parkway, apparently wider than either roadway, is not used for travel but is ornamental only. Colfax avenue runs east and west; Monaco boulevard, north and south. At the time of the collision the plaintiff, who was driving her own automobile, was proceeding west and she turned her car to go south from East Colfax avenue into and along the west roadway of the boulevard. The defendants at the time were in an automobile of defendant Joseph, driven by Dr. Bartlett, and were going north and on the east side of the west roadway. Neither of the cars was driven rapidly. A good view from each could be had, and the occupants of each car might have seen, if they did not see, the motion, direction and apparent purpose of the occupants of the other. C. L. 1921, § 1270 (f), p. 498, provides: "All vehicles approaching an intersection of a public highway, with the intention of turning thereat, shall in turning to the right keep to the right of the center of such intersection, and in turning to the left shall run beyond the center of such intersection passing to the right thereof, before turning such vehicle toward the left. For the purpose of this subdivision the 'center of such intersection' shall be held to mean the meeting point of the medial lines of the two highways traversed by the vehicles making the turn." Section 1977 of the Municipal Code of Denver of 1917 reads: "All moving vehicles shall be driven in a single file, except when passing

another and shall keep to the right of the center of the street." Section 1958 of the Municipal Code reads: "The term 'street' shall apply to that part of the public highway intended for vehicles. The term 'street intersection' shall apply to any street which joins another at an angle, whether it crosses the street or not." Section 1986 of the Code is: "The driver of any vehicle shall before turning make sure that such movement can be executed in safety * * *." It was important, as bearing upon the care or lack of care of the plaintiff, to know the location of the meeting point of the medial lines of these two highways. The court instructed the jury as follows: "Instruction No. 5. The Court instructs you that the center of an intersection means the meeting point of the medial lines of the two highways traversed, or about to be traversed, by a vehicle making a turn from one to the other of the said highways; for the purpose of determining such intersection in the case at bar you will find the meeting point of an imaginary line drawn east and west through Colfax avenue and another imaginary line drawn north and south through the center of Monaco boulevard, the center of Monaco boulevard being half the distance between the western or outer line of the west roadway of the said boulevard and the eastern or outer line of the east roadway; in other words, you are to consider the said boulevard for the purpose as one street only." We think this instruction is erroneous. It will be observed the court considers that Monaco boulevard, as a highway for vehicular travel, extends from the east boundary line of the east roadway to the west boundary line of the west roadway. In other words, that it includes for purposes of vehicular traffic not only the separate roadways on each side of the parking, but the parkway itself. We think that, so far as concerns "center of intersection" the east and west roadways are separate highways or streets. Vehicles are not allowed to drive over and along the parkway or parking place of Monaco boulevard in either direction, and when one turns from Monaco boulevard into Colfax avenue he may not drive over and

along the parkway on either side of Colfax, but only into and along the east or west roadway. Vehicular traffic is restricted to travel to the parts of the boulevard intended for travel; for those traveling north to the east roadway, and for those traveling south to the west roadway. C. L. 1921, § 1270 (h); Denver Municipal Code, 1917, § 1983, p. 831. In drawing an imaginary line north and south through the center of the parking of Monaco boulevard the court was not justified. In determining the center of intersection of the highways, so far as concerns vehicular traffic, the east roadway and the west roadway are, as stated, separate highways, irrespective of the parkway. In ascertaining the center of intersection of the west roadway of Monaco boulevard and East Colfax avenue this imaginary line should be drawn north and south through the center of the west roadway half way between its west and east boundary line. If the west roadway of Monaco boulevard is to be considered as one highway intersecting with East Colfax avenue, and the east roadway is to be considered another highway intersecting therewith, as we think is imperative, then the plaintiff was guilty of negligence as matter of law. For in driving her car to the west, as she approached the west roadway, she did not keep on the north side of East Colfax avenue, or, if she did, still she did not, before turning to her left, to go south, pass to the west of the medial imaginary line drawn north and south through the west roadway at its intersection with East Colfax avenue; but, on the contrary, according to the manifest weight of the evidence, she drove her car, as she was approaching the east boundary line of the west roadway on the south side of East Colfax avenue, and unquestionably was on the east side of the center of the west roadway, instead of being on the west side thereof, at the time she made the turn diagonally from East Colfax avenue into the west roadway and collided with defendant's car. In other words, she disobeyed the positive directions or provisions of both the state statute and the municipal ordinances of the city of Denver, the law of the road. It is also

to be observed that it was plaintiff's duty, under section 1896 of the Municipal Code to make sure before turning that the movement could be safely executed. How she could imagine, in the manner she drove her car, that she could safely make the turn is not apparent. Under these statutes and ordinances plaintiff was guilty of negligence as a matter of law, and the court should have so declared and taken her case from the jury.

The defendants were driving north on the west roadway and on the east or right side as they approached its intersection with East Colfax avenue. The law of the state and the municipal ordinance require one traveling north on Monaco boulevard, where, as here, the two roadways are divided longitudinally by a parkway, to drive on the roadway east of the parkway, and one traveling south to drive on the west roadway. This requirement has no bearing on the location of the medial line of Monaco boulevard. The defendants were thus violating the provisions of the state statute and the municipal ordinances of the city. The court properly instructed that they were negligent as a matter of law. They claim, however, that they were justified in driving north along the west roadway because the east roadway, the one designated by law for northbound travel, was then, though not impassable, not in fit condition for vehicle traffic because of work and repairs thereon recently made, of which the plaintiff had knowledge. We do not say that a vehicle may never in any circumstances be driven on a street in a direction prohibited by statute. Possibly the present laying of street railway tracks in East Colfax avenue and the digging of gas mains in East Fourteenth avenue in the city of Denver, whereby one-half or more of the width of each highway on the south side is occupied by the improvement, to the exclusion of vehicle traffic, furnishes an illustration where travel in the wrong direction might not be deemed negligence, or, if so, excusable or not actionable. But defendants' evidence in support of their excuse for failing to observe the law of the road as to direction of travel is not of such definiteness,

strength or sufficiency to justify us in setting aside the finding of the trial court that it was too weak and unsubstantial to, bring the case within the claimed exemption from, or exception to, the general rule that was applied by the court. We must, therefore, hold that the defendants were negligent as matter of law for violating the law of the road in driving in the wrong direction. It thus appears that all of these parties, at the time of the collision, were guilty of negligence as a matter of law; that they were mutually at fault. The plaintiff was not entitled to recover under her complaint and the defendants were not entitled to recover under their counterclaims. In such circumstances the court should have ordered the complaint and the counterclaims dismissed. It properly dismissed the several counterclaims of the defendants upon the express ground that each of them, as a matter of law, was guilty of negligence that contributed to the injury. Had the court not made the mistake of assuming, for the purposes of determining the center of intersection of the highways, that it was. an imaginary line drawn through the center of the parkway, and had instructed, as would be proper, that the west roadway along which the defendants were driving was to be considered as a highway intersecting with East Colfax avenue without respect to that portion of Monaco boulevard consisting of a parkway and an east roadway, doubtless it would have dismissed plaintiff's action, as well as defendants' counterclaims. For it is too clear from the evidence to admit of question, that the plaintiff and defendants were both guilty of negligence as matter of law in driving, as they did, contrary to the provisions of the state statutes and the municipal ordinances. If they had been in a place where the law says they might lawfully be, this collision would not have happened.

Because of our conclusion that, under the evidence, plaintiff has no cause of action against defendants, or either of them, and neither of the defendants has a cause of action against the plaintiff—all the parties being at fault—the judgment is reversed and the cause remanded with instruc-

tions to the district court to dismiss plaintiff's action and the counterclaims of defendants, and each of them.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.