No. 14,916.

Kinsell et al. *v.* Stice.

(123 P. [2d] 397)

Decided February 24, 1942.

Mr. O. Otto Moore, for plaintiff in error.

Mr. William H. Scofield, for defendant in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

AMY L. STICE, defendant in error, plaintiff below, brought an action based upon fraud and deceit ·in the sale of a residence property. The principal allegation was that defendants — plaintiffs in error here — represented that the house had been built in accordance with the specifications of the Denver building ordinances, when, as a fact, "they built the foundation of said dwelling house with cinders and clay and coated the same over on the inside with a thin coat of cement to give said foundation the appearance of a cement foundation; that the brick in the walls of said house was not laid in mortar, but was laid by the defendant in mud or clay and coated over so as to effectually conceal their defective construction * * *." Prayer was for "$2,500 as actual damages, and the further sum of $2,000 as exemplary damages; for a finding that, in committing the tort complained of, said defendants, and each of them, were guilty of malice, fraud, and willful deceit, and for an order committing them and each of them to the common jail * * * Denver" etc. After issues joined the matter was submitted to the jury under instructions that are not challenged.

The jury returned verdicts as follows:

"We, the jury, find the issues herein joined for the plaintiff and against the defendant Lena Kinsell, and assess her damages at the sum of three hundred and seventy-five dollars and no . . . cents ($375.00) * * * Plus $125.00 exemplary damages."

"We, the jury, find the issues herein joined for the plaintiff and against the defendant Sam Kinsell, and assess her damages at the sum of three hundred and seventy-five dollars and no . . . cents. ($375.00) * * * Plus $125.00 exemplary damages."

. "We, the jury, find that in committing the tort or wrong complained of, the defendant, Lena Kinsell, was guilty of fraud, malice and willful deceit.

Yes

No      X"

"We, the jury, find that in committing the tort or wrong complained of, the defendant, Sam A. Kinsell, was guilty of fraud, malice and willful deceit.·

Yes

No          X     "

Of the six errors assigned, two are particularly urged as grounds for reversal: 1. That the special verdict is wholly inconsistent with the general verdict. 2. Exemplary damages not warranted.

      1. There may be some inconsistency in these verdicts, but it is not sufficient to void them. The conditions of "fraud, malice or willful deceit," it will be noted, are those (among others) which are necessary to be established before one may have execution against the body in an action based on tort. '35 C.S.A., c. 93, §74. It is true almost identical language appears in the statute allowing exemplary damages. '35 C.S.A., c. 50, §6. Since there is no bill of exceptions on file, we have no way of surmising what inferences were drawn by the jury in reaching its verdicts. In the absence of the bill of exceptions, presumptions of regularity attend, so our conclusion must be based upon the pleadings, since, as already noted, the instructions are not challenged. The argument of plaintiff in error is, that the special finding is to be construed as meaning that the jury conclusively found, by putting the "X" after the word "No" that there was no fraud, that there was no malice, and that there was no willful deceit; therefore, since there was no fraud there could be no general verdict based thereon. This is a non sequitur. What the jury evidently intended by its response to the instruction on the point was, that there was "no fraud" in the odious sense. *Geraghty v. Randall*, 18 Colo. App. 194, 70 Pac. 767; *Barrows v. Case*, 63 Colo. 266, 165 Pac. 779. In other words, the jury was willing—in proper response· to both the prayer in the complaint and the court's instruction on the special verdicts — to find that defendants were

guilty of fraud so as to support the general verdict for damages, but still not in the odious sense so as to require a finding supporting a body judgment. This presumption is a reasonable one and is not inconsistent with the pleadings, statutes and instructions. "If by any possible competent evidence that might be produced thereunder [pleaded issues], the apparent inconsistency can be overcome, it may be disregarded, and the general verdict permitted to stand." *Drake v. Justice Gold Min. Co.*, 32 Colo. 259, 75 Pac. 912.

2. Counsel for plaintiff in error makes the simple statement: "The jury by special verdict denies the existence of the very element upon which exemplary damages must depend." Our answer is just as simple. The jury did not so deny. That such is not the case is shown by the fact that the covering statute includes the words, "or a wanton and reckless disregard of the injured party's rights and feelings." '35 C.S.A., c. 50, §6. Again we say, that as a matter of law, there is no such inconsistency as to render void the allowance of $125 exemplary damages. We do not know what the facts were. *Clark v. Small*, 80 Colo. 227, 250 Pac. 385; *Foster v. Redding*, 97 Colo. 4, 45 P. (2d) 940.

Judgment affirmed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE HILLIARD concur.

MR. JUSTICE BOCK concurs in the result.