No. 15,189.

HARPER *v*. BLASI.
(151 P. [2d] 760)

Decided June 19, 1944.   Rehearing denied September 18, 1944.

Mr. GODFREY NORDMARK, for plaintiff in error.

Messrs. JANUARY & YEGGE, Mr. HARRY A. FEDER, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as Harper, and defendant in error as Blasi.

This was an action by Harper against Blasi for damages for injuries alleged to have been inflicted in a personal assault. The cause was tried to a jury and on its verdict for Blasi judgment was entered. To review that judgment Harper prosecutes this writ. Of the twelve assignments we treat those essential under the following heads: 1. There was no valid verdict on which any judgment could be entered; 2. An amendment to the answer, pleading a certain criminal proceeding and verdict and judgment therein was erroneously permitted, and evidence relating thereto erroneously admitted; 3. Evidence of a certain experiment conducted by one of the witnesses was erroneously admitted; 4. Four instructions were erroneous.

■■ 1. Plaintiff pleaded malice and demanded exemplary damages and body judgment. Five forms of verdict were delivered to the jury. No special direction as to their use was given. They were not numbered but for convenience we designate them as 1, 2, 3, 4 and 5. They read as follows:

520

(1) "We, the jury, find the issues herein joined for the plaintiff and assess his actual damages at the sum of_____dollars and_____cents ($_____).

Foreman."

(2) "We, the jury, find the issues herein joined for the plaintiff and assess his exemplary damages at the sum of_____dollars and_____cents ($_____).

Foreman."

(3) "We, the jury, find the issues herein joined for the plaintiff, and find that in committing the tort complained of the defendant, Dominic Blasi, was guilty of malice and wanton and reckless disregard of the plaintiff's rights and feelings.

Foreman."

(4) "We, the jury, find the issues herein joined for the defendant.

Charles A. Northrop
Foreman."

(5) "We, the jury, find the issues herein joined for the plaintiff, and find that in committing the tort complained of the defendant, Dominic Blasi, was not guilty of malice and wanton and reckless disregard of the plaintiff's rights and feelings.

Charles A. Northrop
Foreman."

Numbers 1, 2 and 3 were returned blank. Numbers 4 and 5 were returned, exactly as above, each duly signed by the foreman. The record does not disclose what occurred in court when the verdicts were returned. It is however agreed that neither party knew of verdict No. 5, and it first came to light when the record was being prepared for this court. Up to that time counsel for each party had assumed that the only verdict was No. 4. The submission of these five forms without specific direction as to their use was confusing. No. 4 was,

of course, simple and correct. Numbers 1 and 5 should have been combined as a verdict for plaintiff *without* exemplary damages, and numers 1, 2 and 3 combined as a verdict for plaintiff *with* exemplary damages. Even so, their use should have been carefully explained. It is easy to theorize on the assumption that No. 4, and that alone, represents the conclusion of the jury, but a little consideration discloses that this is mere speculation. From the verdicts we know but one thing definitely and that is that the jury intended to absolve defendant of the charge of malice. But we also know that this was not only superfluous but meaningless if the jury intended the result as indicated by No. 4. The irresistible conclusion is that this record discloses no verdict which will support any judgment. Authorities appear unnecessary, but note the following. *Bartlett v. Hammond,* 76 Colo. 171, 230 Pac. 109; *McLean v. Sanders,* 139 Ore. 144, 7 P. (2d) 981.

2. Blasi, over Harper's objection, was permitted to amend his answer to allege that on the latter's complaint the former had been tried for the assault upon which this action was based and a verdict of not guilty was directed and defendant discharged; and evidence thereof was admitted on the trial. It is here asserted that these rulings are supported by *North River Ins. Co. v. Militello,* 100 Colo. 343, 67 P. (2d) 625. That case is not in point. There a verdict of guilty, which means "proven beyond a reasonable doubt," and judgment thereon were admitted. Here the finding and judgment were not guilty, which means "not proven beyond a reasonable doubt." A defendant might be "not proven guilty beyond a reasonable doubt" in a criminal case, yet on the same testimony a jury in a civil case might be justified in finding him "guilty, by a preponderance of the evidence." The distinction is an important one. Practically all the cases cited or known to us approving the admission of similar evidence involve verdicts of guilty. Extension of the exception to the rule to in-

clude verdicts of not guilty is fraught with too much peril to be countenanced. On reason and authority we reject it. The Militello case, supra, dealt solely with judgments of conviction and its reasoning is based thereon. Contrary to counsel's contention it did not touch on verdicts of acquittal. 31 A.L.R., p. 270; 57 A.L.R., p. 505. Here the court by instruction No. 10 limited the jury in its application of this evidence to the issue of malice. No reason for such admission and limitation occurs to us and none is suggested in any authority cited. Permission to amend and admission of evidence in support of the amendment were erroneous.

■ 3. A certain witness for the defendant was permitted to detail an experiment conducted with a mask, an artificial eye and rimless glasses, ostensibly to determine whether a blow struck as plaintiff had testified could have resulted in the alleged injury. His conclusion was that "an ordinary man taking a swing with the right hand at the right eye would have to be a regular prize fighter to do the damage." We think the experiment and its description improper. There was no similarity of conditions, no way of establishing equality of strength or skill and no indication that, accepting the conclusions of the witness, this evidence was even helpful. There was no compliance with the rules under which similar experiments are held admissible, and the entire performance smacks of the playful antics of juveniles. For that reason it probably had no effect on the jury but its admission was certainly error.

4. Error is assigned to the giving of instructions 6, 7, 10 and 11. No. 10 was erroneous but has been disposed of by what we have said above. The others are vulnerable to no objection made to them and we find it needless to examine them further.

For the errors above mentioned the judgment is reversed and the cause remanded.

MR. JUSTICE BAKKE and MR. JUSTICE JACKSON concur.