The fourth and final argument by the People can best be described as a chal-

lenge to a hodgepodge of various and sundry rulings by the trial court, which allegedly impeded the prosecution's ability to prove its case. This challenge is not appropriate under section 16–12–102.

Judgment affirmed.

Donald E. TYLER, Petitioner,

v.

The DISTRICT COURT In and For the COUNTY OF ADAMS, State of Colorado, the Honorable Marvin E. Foote, sitting as judge of said Court, and Gregory Lyman, Clerk of said Court, Respondents.

No. 80SA144.

Supreme Court of Colorado, En Banc.

July 14, 1980.

Rehearing Denied Aug. 5, 1980.

2. It provides in pertinent part:
   Upon receipt of the information required by this subsection (c), the prosecuting attorney shall notify defense counsel of any additional

witnesses which he intends to call to rebut such defense within a reasonable time before trial after their identity becomes known.

Donald E. Tyler, pro se.

John C. Mott, Zarlengo, Mott & Zarlengo, Denver, for Galen Marks, M.D. and Robert Larsen, M.D.

Paul D. Renner, John R. Rodman, Denver, Frank Plaut, P.C., Lakewood, for defendant Brighton Community Hospital Ass'n.

DUBOFSKY, Justice.

Petitioner Donald E. Tyler filed this original proceeding under C.A.R. 21 for relief in the nature of mandamus. He challenges as an abuse of discretion the trial court's ordering a mistrial when it discovered a second inconsistent signed jury verdict af-

ter the jury was discharged. We issued a rule to show cause and now make the rule absolute.

Petitioner, a former member of the medical staff of Brighton Community Hospital, filed suit against Galen Marks and Robert Larsen, physicians on the executive committee of the hospital; John Vowell, the hospital administrator; and the Brighton Community Hospital Association, seeking damages for libel, slander, breach of contract, and interference with the practice of medicine.

The trial began February 19, 1980 and concluded on March 6. The trial court gave the jury two forms for general verdicts and a set of interrogatories. When the jury returned to render the verdict, the judge received the jury's papers. The judge read into the record a verdict for the petitioner-plaintiff (the first verdict) which assessed actual damages of $682,000 and exemplary damages of $48,000.[1] The judge also read for the record the answers to the interrogatories, all but one of which were answered in the affirmative.[2] The judge then asked the jurors if this was their unanimous verdict, and they assented. Defense counsel requested a poll of the jury, and each juror responded that he or she agreed with the verdict as read by the trial court. The court accepted the verdict, ordered judgment entered in accordance with it, and discharged the jury.

A few hours later, the court advised the plaintiff and defense counsel of an irregularity in the verdict and set a hearing for late afternoon. The hearing concerned a verdict for the defendant (the second verdict) signed by the foreman which the judge's clerk found among the jury papers. The verdict had not been mentioned by the foreman when the jury returned, and the

1. Damages were allocated among the defendants by the jury. Actual damages: $170,500 against defendant Marks; $170,500 against defendant Larsen; $136,400 against defendant Vowell; $204,600 against the Hospital Association. Exemplary damages: $12,000 against Marks; $12,000 against Larsen; $12,000 against Vowell; $12,000 against the Hospital Association.

2. The only negative response was to a question regarding a specific act of defamation by defendant Vowell. The answer was consistent with the verdict for the petitioner.

trial court did not notice it.[3] The trial court found that the two verdicts were inconsistent and granted the defendant's motion for a mistrial. Because we find that the first verdict was the decision of the jury, we vacate as an abuse of discretion the trial court's order for a mistrial.

C.R.C.P. 47 governs rendition of jury verdicts:

"(q) *Declaration of Verdict.* When the jury has agreed upon its verdict it shall be conducted into court by the officer in charge. The names of the jurors shall be called, and the jurors shall be asked by the court or clerk if they have agreed upon a verdict, and if the answer is in the affirmative, they shall hand the same to the clerk. The clerk shall enter in his records the names of the jurors. Upon a request of any party the jury may be polled.

\* \* \* \* \* \*

(s) *Verdict Recorded, Disagreement.* The verdict, if agreed upon by all jurors, shall be received and recorded and the jury discharged. If all the jurors do not concur in the verdict, the jury may be again sent out, or may be discharged."

The record here indicates that the court followed the proper procedure for declaring and recording a jury verdict. In addition, the judge questioned each juror individually.

■ A verdict shall be given effect if possible. However, a court may not look beyond the face of the record to examine the thought processes of the jurors. If the intent is clear from the record, as in this case, the verdict shall be given effect. *Martinez v. Huerta*, 155 Colo. 555, 396 P.2d 237 (1964); *Boynton v. Fox Theaters*, 121 Colo. 227, 214 P.2d 793 (1950); *Kinsell v. Stice*, 109 Colo. 173, 123 P.2d 397 (1942); *Drake v. Justice Gold Mining Company*, 32 Colo. 259, 75 P. 912 (1904).

In *Harper v. Blasi*, 112 Colo. 518, 151 P.2d 760 (1944), unlike the case before us, there was no record of the declaration and return of the jury verdict. No one knew of an inconsistent verdict until the preparation of the record for appeal. There, the confusion of verdict forms and instructions with no record to support one of the verdicts made it impossible to determine the jury's true decision. *Cf. Calnon v. Sorel*, 108 Colo. 467, 119 P.2d 615 (1941).

■ Here the record is clear. The trial court read the verdict for the petitioner in open court, and all the jurors assented to it. Each juror was questioned, reinforcing the evidence of the jury's intentions.[4] The verdict for the petitioner in open court is the verdict of the jury. *Randles v. Lowry*, 4 Cal.App.3d 68, 84 Cal.Rptr. 321 (1970).

■ It follows that the second signed verdict form found by the clerk is not the verdict of the jury. Any irregularity of form in a verdict should be disregarded if it fairly appears that the jury intended a given verdict. *Bartlett v. Hammond*, 76 Colo. 171, 230 P. 109 (1924); *Boynton, supra; Davis v. Shepard*, 31 Colo. 141, 72 P. 57 (1903).

Thus, there is no inconsistency because there is only one verdict. The verdict of the jury awarded the petitioner damages of $750,000 allocated as shown on the verdict form. The trial court is directed to vacate its order granting a mistrial and to enter a judgment in accordance with the verdict of the jury.

Rule made absolute.

---

**3.** Although the record is unclear, the second signed verdict apparently was among the papers handed to the court by the foreman.

**4.** Petitioner submitted affidavits from five of the six jurors that the verdict for the petitioner was their intended verdict. Because the record adequately supports the first verdict, we do not consider the propriety of the affidavits.